# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**CARRIE DAWN MCCLAIN RAPER**                                      **PLAINTIFF**

**v.**                              **Case No. 4:21-cv-00094 JM**

**CITY OF WARREN; DENISA PENNINGTON,**
**Mayor; SHAWN HILDRETH, Police Chief, Warren;**
**TIM BRIGHTON, Former Sergeant, Warren Police;**
**TIM NICHOLS, Detective, Warren Police;  ROBBIE**
**ASHCRAFT, Detective, Warren Police; DOES, Warren**
**City Council Members and Police Officer Alex;**
**ALEX MEEKS, Warren Patrolman**                                      **DEFENDANTS**

## ORDER

On February 8, 2021, I granted Plaintiff Carrie Dawn McClain Raper's petition to proceed IFP and screened her Complaint.[1] I identified pleading deficiencies in Ms. Raper's § 1983 action and provided her with an opportunity to amend her Complaint. Ms. Raper has timely filed an Amended Complaint as well as an Addendum.[2]

The law requires that I screen the Amended Complaint.[3] "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted."[4] Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim.[5] While *pro se* complaints must be

---

[1] Order, Doc. 3.

[2] Amended Complaint, Doc. 4; Addendum, Doc. 5.

[3] 28 U.S.C. § 1915(e)(2).
[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[5] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

reviewed liberally,[6] in order to succeed on a § 1983 claim, Ms. Raper must allege (1) a violation of a constitutional right, and (2) that a person acting under the color of state law committed the violation.[7]

In her initial Complaint, Ms. Raper alleged that she had been harassed in violation of 42 U.S.C. § 1983 by Warren Police Officers, "with full knowledge" of city officials since January 2016 in violation of her 5th Amendment rights.[8] She stated the harassment has resulted in false arrests and unlawful detentions – the most recent occurring in December.[9] In her Amended Complaint, Ms. Raper gives more specifics identifying incidents she believes she was unlawfully harassed on February 1, 2017; March 15, 2017; various incidents sometime in April and May 2017; and December 2020. Causes of action brough under § 1983 are governed by the analogous state statute of limitations, which in Arkansas is three years.[10] Ms. Raper filed her federal action on February 4, 2021; therefore, any claims that her rights were violated before February 5, 2018 (3 years before she initiated her case) are time barred.  As a result, only Ms. Raper's December 2020 claim survives a limitations challenge.

Ms. Raper asserts that in December 2020, she was arrested "by no less than 8 male police officers" who then refused to explain why she was being arrested or to allow her to make a phone call.[11] Ms. Raper claims the officers questioned her about "an alleged break in at a storage

---

[6] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[7] 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] Complaint, Doc. 2.

[9] *Id*. at 2.

[10] *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann.§ 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

[11] Doc. 4 at 6-7.

facility."[12] The Court takes judicial notice of the public records in Ms. Raper's state court proceedings, and it appears she is presently charged in Bradley County with breaking or entering and theft of property.[13] The Court is barred from addressing any on-going state criminal case,[14] and cannot award damages under § 1983 unless a conviction has been invalidated.[15]

The Court lacks jurisdiction over Ms. Raper's claims.  Her Amended Complaint is dismissed without prejudice.

IT IS SO ORDERED this 30th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[12] *Id*. at 7.

[13] *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Carrie Dawn Raper*, 06CR-21-4 (Criminal Information Feb. 5, 2021).

[14] *Younger v. Harris*, 401 U.S. 37 (1971).

[15] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3